IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| VLASTIC MAREK, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 170365R (Control) |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| VLASTIC.COM INC., | ) | |
| | ) | TC-MD 170366R |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION[1]** |

Plaintiffs, Vlastic Marek and Vlastic.com, appealed Defendant's Notices of Assessment, dated September 11, 2017, for the 2014 tax year. A consolidated telephone trial was held on March 28, 2018. Vlastic Marek (Marek) appeared and testified on his own behalf and on behalf of Vlastic.com Inc., an Oregon S corporation. Nancy Berwick (Berwick) appeared and testified on behalf of Defendant. Plaintiffs' Exhibits 1 to 18 were admitted into evidence without objection. Defendant's Exhibits A to K were admitted into evidence without objection.

/ / /

/ / /

---

[1] This Final Decision incorporates without change the court's Decision, entered September 28, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

# I. STATEMENT OF FACTS

During the tax year at issue Marek was a self-employed bench carpenter. He did business as Vlastic Marek Manufacturing (VMM) and also through his wholly owned S corporation, Vlastic.com Inc. (V.com). In late 2014, Marek discontinued working in Oregon, dissolved V.com, and moved to Alaska. There, he formed an Alaska corporation called RF Design.

## A.    *Personal Tax Return*

Marek testified that he rented a property containing a barn for work and also resided there in his van. He testified that he paid $8,000 in rent during the tax year at issue and allocated all of the expense to his business. He testified that he did not have a written rental contract, did not keep receipts, and his bank accounts do not show amounts taken in cash to pay rent. Marek testified that he owned two motor vehicles in 2014: a Chevrolet truck and a Ford van. Marek testified that he used his gasoline truck exclusively for work and his diesel van exclusively for personal use. Marek deducted $3,061 for car and truck expenses. (Ptfs' Ex 3 at 5.) He testified he did not keep contemporaneous records of his travel. He computed the car and truck deduction in two ways. First, he took addresses from his business receipts and calculated mileage from work to the location using a map program. (Ptfs' Exs 7, 11.) Second, he calculated actual vehicle expenses by gathering receipts for gasoline, auto parts, and repairs. (Ptfs' Ex 16.) Receipts were hand-marked as "V.M.M." for Vlastic Marek Manufacturing or "S-Corp" for Vlastic.com, Inc. Some of the receipts for fuel included in his exhibits were for diesel.

Marek deducted $40,466 in "other expenses." (Ptfs' Ex 3 at 5.) At audit Defendant allowed $15,347 and disallowed $25,120. (Ptfs' Ex 2 at 5.) Marek testified that the disallowed expenses consisted of four payments from VMM to V.com, totaling $25,120, representing finished products Marek created and sold to the corporation. (Ptfs' Ex. 8.)

B.    *Corporate Tax Return*

V.com deducted $22,219 in purchases representing Cost of Goods Sold (COGS), of which $3,475 were allowed at audit and $18,744 were disallowed.  (Ptfs' Ex 4 at 1; Def's Ex B at 2.)  The disallowed amounts consisted of a $6,800 payment to RF Design, car and truck expense of $2,633, rent in the amount of $8,000, and utilities in the amount of $1,312.  (Def's Ex 1 at 5.)  V.com also took "other deductions" in the amount of $7,551.  *Id.*  Marek testified that V.com paid RF Design for his services "winding down" V.com.  The payment was dated December 28, 2014, and deposited in the RF Design bank account in Alaska in January 2015.  (Ptfs' Ex 10 at 2; Def's Ex E at 16.)  Marek took a deduction for the payment from V.com in 2014 and declared income to RF Design in Alaska for the same amount in 2015.  (Def's Ex E at 17.)  Marek took the remaining funds from V.com, consisting of $7,551, paid himself, and took a corporate deduction.

## II.  ANALYSIS

The issue in this case is whether Plaintiffs adequately substantiated business expenses. Because of Marek's accounting methodology, he argues the deductions impacted his gross income even though that category was not adjusted by the audit.  The court will analyze each deduction category separately and then address the issue of adjustments to gross income.

In analyzing Oregon income tax cases, the court starts with several general guidelines. First, the court is guided by the intent of the legislature to make Oregon's personal income tax law identical in effect to the federal Internal Revenue Code (IRC) for the purpose of determining taxable income of individuals.  ORS 316.007.[2]  Second, in cases before the court, the party seeking affirmative relief bears the burden of proof and must establish his or her case by a

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

"preponderance" of the evidence. ORS 305.427. Third, allowable deductions from taxable income are a "matter of legislative grace" and the burden of proof (substantiation) is placed on the individual claiming the deduction. *INDOPCO, Inc. v. Comm'r*, 503 US 79, 84, 112 S Ct 1039, 117 L Ed 2d 226 (1992).

The IRC allows a deduction for "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business[.]" IRC § 162(a). Taxpayers are not allowed a deduction for personal, living, or family expenses except where specifically allowed in the Code. IRC § 262(a). A taxpayer is required to maintain records sufficient to establish the amount of his or her income and deductions. IRC § 6001; Treas Reg § 1.6001–1(a).

A.      *Marek's Car and Truck Expenses*

Marek deducted $3,061 as business car and truck expenses. At audit, Defendant disallowed all the expenses due for failure to substantiate the business nature of the travel miles and costs associated with them.

Generally, where a taxpayer establishes entitlement to a deduction but does not establish the amount of the deduction, the court is allowed to estimate the amount. *See, Cohan v. Comm'r,* 39 F2d 540, 543-44 (2nd Cir 1930). However, IRC section 274(d) overrules the rule in *Cohan* and provides that no deduction is allowable under IRC section162 for any traveling expenses unless the taxpayer complies with strict substantiation rules. IRC § 274(d)(1), (4). A taxpayer must substantiate the amount, time, place, and business purpose of the expenses by adequate records or by sufficient evidence corroborating his or her own statement. IRC § 274(d)(4); Treas Reg § 1.274–5T(b)(2), (c) (2010); *Duncan v. Comm'r,* 80 TCM (CCH) 283 (2000), 2000 WL 1204820 at *3.

/ / /

Marek did not keep a contemporaneous log of his business travel. He argues that it is obvious that he traveled for work and, thus, the court should accept his mileage log, or accept the actual costs based on the fuel and maintenance receipts he provided, or the court could estimate the mileage. However, there are problems with the reliability of the recreated travel log. First, the log lists only dates, business names, and mileage. There was no supporting documentation such as a calendar, notes, or even receipts. (Ptfs' Ex 7.) As Berwick pointed out at trial, on days where Marek has multiple receipts from different stores for product purchases he calculated mileage to each location separately from his business. For multiple trips on the same day, it would seem logical that Marek would combine some or all of those trips. However, since he kept no records, it is merely speculation on his part that none of the trips were made together. Berwick also noted that on some of the receipts Marek provided during the audit to support his mileage, the products were actually shipped by Fed Ex Ground and UPS Ground. (Ptf's Ex. K at 1, 2 and 5.) Such are the problems with attempting to recreate mileage logs years after the fact. Additionally, gas receipts are copied together and contain handwritten notations that they apply either to VMM or V.com. No explanation was provided on how the distinction was made. Some receipts are for diesel even though Marek testified his work vehicle used regular unleaded gas. Marek cites to the case of *Spier v. Dept. of Rev.*, TC-MD 160262R, (Or Tax M Div July 18, 2017) for the proposition that "logs [which] contain small errors and irregularities" can still be found "generally reliable." (Ptfs' Ex 18 at 8.) However, in *Spier* the court found that Plaintiffs had kept contemporaneous travel logs, albeit with some discrepancies. In this case, no such contemporaneous logs were made. If the court tried to make a calculation of Marek's mileage or expenses, it would be no more than a guess. Therefore, Marek's deduction for mileage expense must be denied for lack of substantiation.

B.    *Marek's Other Expenses*

Defendant denied a deduction in the amount of $25,120 for payments from VMM to V. Com.  This transaction was never really explained by Marek at trial and the tax returns do not provide any further clarity.  Marek seems to have deducted that amount as part of his COGS for VMM and then he deducted the product costs and his labor to V.com; effectively doubling the expense.  Marek is billing his S corporation for his own labor and then deducting the payment as a COGS.  Because his S corporation is a passthrough entity, that expense, if allowed, would create income for him that would effectively offset the expense.  The court does not find this to be a proper deduction.

C.    *V.com's COGS*

V.com deducted $22,219 in purchases representing COGS, of which $3,475 were allowed at audit and $18,744 were disallowed.  Of the amounts disallowed, Marek takes issue with the payment to RF Design in the amount of $6,800, car and truck expense of $2,633, rent in the amount of $8,000, and other deductions in the amount of $7,551.

*1. Payment from V.com to RF Designs*

RF Designs is a corporation wholly owned by Marek.  Market testified that the payment made at the end of 2014 was for "services" he performed in winding down V.com.  Like the transaction analyzed above, Marek is, in essence, paying himself for his own services and deducting that payment as an expense from his S corporation.  Further, that payment was made at year end which reduced his Oregon tax obligation, and then he deposited the same amount into an Alaska account a few days later, which was in the next tax year.  The court challenged Marek at trial to explain how that transaction is not merely transferring taxable obligations from Oregon to Alaska.  Marek offered no defense or explanation.  The court finds that this is not an ordinary

and necessary business expense.  Thus, the deduction is denied.

*2.  V.com Car and Truck Expense*

As explained above, Marek kept no contemporaneous records or logs of his business travel expenses and his recreated log is not reliable.  Further, V.com does not own any vehicles and Marek did not present evidence as to why some mileage was allocated to VMM and some to V.com.  That deduction is denied for lack of substantiation.

*3.  V.com Rent*

Business rent is typically an allowable expense under IRC 162.  Marek testified that he incurred $8,000 for renting a barn at the location where he also resided.  However, Marek had no written rental agreement, and testified he paid rent in cash but obtained no receipts for payments.  Further, Marek's bank accounts do not show cash withdrawals to track a source of payments.  Other than Marek's testimony, he presented no tangible evidence of rent as a business expense.  Therefore, the deduction must be denied.

*4.  V.com Other Deductions*

V.com deducted $7,551 which he remitted to himself representing the remaining balance in the corporation bank accounts upon dissolution.  That amount could be a dividend or a capital gain in excess of contribution; it is impossible to tell from the testimony or documents presented.  However, clearly that payment from an S corporation to its sole shareholder is not a deductible business expense.

D.  *Duplication of Gross Receipts*

Marek argues that if transactions where he essentially paid himself from VMM to V.com were denied as deductions, then his gross receipts should be reduced, to avoid being taxed twice on the same income.  Berwick testified that she agreed with that argument, in principle, however,

she lacked information necessary to make those adjustments. She testified that Marek did not provide all his business and personal bank account statements that she requested. She also stated that gross income was not included in the audit and Marek did not provide evidence of what amounts he included in gross receipts.

At trial, Marek did not provide copies of all his personal and business bank accounts, therefore, the court also lacks some information about his gross income. However, Marek did present copies of the bank accounts involved and the checks. Although much of Marek's accounting and tax returns contain errors, he has provided sufficient evidence to meet his burden of proof that he made payments to V.com from which he attributed gross income. Defendant did not present evidence to rebut Marek's assertion that V.com's gross receipts should be reversed to match the deductions that were disallowed. Because those payments were denied as deductions on his personal return, they should also not be counted as gross receipts for his corporation.

### III. CONCLUSION

After careful consideration, the court concludes that Plaintiffs have failed to meet their burden of proof with respect to deductions, but have shown that the gross receipts for Vlastic.com should be reduced by $25,120. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeals are allowed in part: Plaintiff, Vlastic.com's gross receipts should be reduced by $25,120 and its tax obligation recalculated.

/ / /

/ / /

/ / /

/ / /

IT IS FURTHER DECIDED that Plaintiffs' appeal for the deductions denied during the audit is denied.

Dated this ___ day of October 2018.

 

 

RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate Richard Davis and entered on October 16, 2018.*